# UNITED STATES DISTRICT COURT
## For The District of Connecticut

| | |
|---|---|
| **A.R. BUILDING COMPANY, INC.**<br>Plaintiff | Civil Action No.: 3:23-cv-390 |
| V. | Jury Trial Demanded |
| **AFFORDABLE CLEANING SERVICE, LLC**<br>Defendant | |
| | March 29, 2023 |

## COMPLAINT

### Parties

1. A.R. Building Company, Inc. (hereinafter "Plaintiff") is a Pennsylvania corporation with a principal place of business in the borough of Seven Fields Pennsylvania. At all relevant times hereto Plaintiff has been registered to do business in the State of Connecticut.

2. Affordable Cleaning Service, LLC (hereinafter "Defendant" or "Contractor") is a Rhode Island corporation with a principal office at 643 Weeden Street in Pawtucket, Rhode Island.

### Jurisdiction

3. This Court has jurisdiction over this entire action pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship among the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interest.

4. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391 as the events and omissions giving rise to the claims at issue occurred within the District and the defendant is subject to personal jurisdiction within the District.

## Facts

5. On December 18, 2018, Plaintiff and Defendant entered into Contract SC-1950-022 (hereinafter "Agreement") which concerned final cleaning services to be performed by Defendant at Pleasant Valley Road in Groton, Connecticut. A true and accurate copy of the Agreement is attached hereto as *Exhibit A*.

6. The Agreement governs the furnishing of all work requested by Plaintiff of Defendant. No oral agreements between Plaintiff and Defendant, either before or after the Agreement, will affect or modify the terms of the Agreement.

7. The Agreement provides, in relevant part:

> SECTION 8: INDEMNIFICATION AND TERMINATION
>
> *Contractor recognizes that Contractor, and not A.R. Building Company, Inc., is to be responsible for injuries to Contractor, or its employees or others or for other claims arising from or relating to the Work. Contractor agrees to hold A. R. Building Company, Inc. harmless against any such injuries and claims. Accordingly:*
>
> A. *Indemnification*
>
> *To the full extent permitted by law, Contractor herby agrees to defend, save, indemnify and keep A.R. Building Company, Inc. harmless against all demands, claims, causes of actions, damages, liabilities, penalties, and expenses (including fees and distributions of counsel) arising out of or resulting from Contractor's performance of (and/or failure to perform) this Agreement and/or the Work described in this Agreement, and/or the materials, supplies, or goods provided by Contractor, and for or on account of injury to or death or persons, including Contractor's employees, Contractor's Sub-Contractors or their employees, or damage to or destruction of property, or any bond obtained for same, caused, in whole or in part, bat any act or omission, or alleged act or omission, of Contractor, Contractor's subcontractors, its employees or agents, whether or not caused in part by A.R. Building Company, Inc. ("Claim"). ...*
>
> *Any breach of the foregoing obligation or other breach of this Agreement by Contractor shall entitle A.R. Building Company, Inc. to reach an expedient and reasonable settlement of any such claim and entitle A.R. Building Company, Inc. to complete reimbursement and indemnity in regard to same including attorneys' fees and expenses incurred in defense of the underlying Claim, and spent in collection and enforcement of these rights of indemnity.*

> *Contractor's indemnification and defense obligations hereunder shall extend to Claims occurring after this Agreement is terminated as well as while it is in force, and shall continue until it is finally adjudicated that any and all actions arising against A.R. Building Company, Inc. for such matters which are indemnified hereunder are fully and finally barred by applicable laws.*
>
> *SECTION 12: GOVERNING LAW*
>
> *This Agreement shall be governed by the laws and regulations as constituted by the state in which the work is performed.*

8. On January 16, 2020, Aguinaldo Brazao (hereinafter "Brazao") was employed by Defendant.

9. On January 16, 2020, Brazao, while working for and within the scope of his employment for Defendant, was performing cleaning services at 700 Pleasant Valley Road in Groton, Connecticut ("hereinafter "Premises").

10. On the aforementioned date, Brazao was removing debris from the second floor of the Premises when he leaned against the railing of the second floor balcony and said railing suddenly and unexpectedly collapsed causing Brazao to fall approximately 15 feet to the cement below.

11. Brazao has filed a Complaint against the Plaintiff for the injuries and damages that he claims as a result of the fall. A copy of said Complaint is attached hereto as *Exhibit B*.

12. At the time of his fall on January 16, 2020, Brazao was employed by Defendant and was performing services at the Premises in accordance with and under the terms of the Agreement.

## COUNT I – BREACH OF CONTRACT

13. By this reference Plaintiff hereby incorporates Paragraphs 1 through 12 above as though they were fully restated herein.

14. The Agreement was in full force and effect on January 16, 2020.

15. Brazao was an employee of Defendant on January 16, 2020, and was performing work at the Premises in accordance with and under the terms of the Agreement.

16. Brazao has filed a Complaint against Plaintiff and is seeking monetary compensation for his claimed injuries and damages.

17. Plaintiff has sought indemnification for Brazao's claimed damages from the Defendant.

18. To date, the Defendant has failed and refused to defend and indemnify Plaintiff against Brazao's claimed damages.

19. Defendant has breached the Agreement by failing to defend, save and indemnify Plaintiff against Brazao's claims.

20. As a result of Defendant's breach of the Agreement, Plaintiff has incurred and will continue to incur damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor against the Defendant in an amount in excess of $75,000 together with the attorneys' fees and costs to defend the underlying action, the attorneys' fees and costs to prosecute this claim, and such other and further relief as this Court deems appropriate and just.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by a jury.

Respectfully submitted,

PLAINTIFF,
A.R. BUILDING COMPANY, INC.

By_____
Sharon Baldwin - ct29481
David G. Hill – ct13435
David G. Hill & Associates, LLC
180 Glastonbury Blvd, Suite 202
Glastonbury, CT  06033
Phone: 860-657-1012
Fax: 860-657-9264
sbaldwin@dhill-law.com
dhill@dhill-law.com

5